UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY MOORE,<br><br>      Plaintiff,<br><br>      v.<br><br>MCKESSON CORPORATION, et al.,<br><br>      Defendants. | Case No. 17-cv-03784-VC<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. Nos. 15, 18, 28 |

      Under the standard "three-step approach," the remand motion is appropriate to resolve immediately, rather than staying for the JPML. *See Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004). And the case clearly must be remanded. Even assuming this case satisfies the first two prongs of *Grable* – and there's reason to doubt that it does – the next two prongs are obvious barriers to federal question jurisdiction. *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Congress's deference to state law and state courts on actions dealing with FDA-regulated products demonstrates that Congress had no affirmative intention of federalizing the entire category of cases into which this dispute falls. *See, e.g.*, *Johnson v. Bayer Corp.*, No. 4:16-cv-729 (CEJ), 2016 WL 3015187, at *3 (E.D. Mo. May 26, 2016); *People v. Monster Beverage Corp.*, No. 13-cv-2500-PJH, 2013 WL 5273000, at *1 (N.D. Cal. Sept. 18, 2013); *Oregon ex rel. Kroger v. Johnson & Johnson*, 832 F. Supp. 2d 1250, 1257-58 (D. Or. 2011); *cf. In re: Roundup Products Liability Litigation*, No. 16-md-2741-VC, 2017 WL 3129098, at *1 (N.D. Cal. July 5, 2017). Moore's motion is granted, and this case is remanded to San Francisco Superior Court.

      **IT IS SO ORDERED.**

Dated:  August 11, 2017

_____
VINCE CHHABRIA
United States District Judge